UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UBS FINANCIAL SERVICES, INC.,

    Petitioner,

v.                                            Case No. 14-10621
                                              Hon. Gershwin A. Drain

THOMAS A. MANN,

    Respondent.

_____/

**<u>ORDER DENYING PETITIONER'S AMENDED PETITION/MOTION TO CONFIRM,
OR, IN THE ALTERNATIVE, MODIFY ARBITRATION AWARD [#8]</u>**

### I.    Introduction

Respondent Thomas M. Mann ("Mann") is a very skilled financial advisor. He began an employment relationship with Petitioner UBS Financial Services, Inc. ("UBS") in 2005. UBS made a series of loans to Mann when he began working there. UBS would forgive portions of the loans in installments over time in lieu of Mann making repayments. That relationship became untenable, and ended after five years. At that time, there was an outstanding balance on the loans, and Mann was obligated to pay it in full. UBS initiated arbitration to recover the outstanding balance. Because the Financial Industry Regulatory Authority ("FINRA") regulates UBS, any disputes arising from UBS' relationships with its employees require arbitration. UBS alleges it terminated Mann due to multiple unexcused absences from work. Mann also initiated arbitration against UBS due to the manner in which UBS terminated him and other conditions of

his employment. FINRA combined the arbitrations. The panel issued monetary awards to UBS and Mann. The panel's award to UBS was greater than its award to Mann. Pursuant to the FINRA rules, UBS sought a modification of the panel's decision to reflect an award in its favor for the difference in the amounts the parties owed to one another i.e. an offset. The panel denied the offset. Presently before the Court is UBS' Petition/Motion to Confirm, or, in the Alternative, Modify the Arbitration Award. The parties have fully briefed the motion. The Court held a hearing on the Petition/Motion on April 30, 2014. For the reasons that follow, the Court will CONFIRM the arbitration award WITHOUT AN OFFSET, and DENY the Petitioner's Amended Petition/ Motion to Amend in the Alternative [#8].

## II.   Factual Background

Thomas A. Mann was a Financial Advisor at UBS. He had $200 million in assets under management. Prior to 2005, Mann was with another wealth management firm. In order to recruit him, UBS offered Mann three loans. UBS gave Mann loans of $312,500, $17,859, and $142,568. UBS would forgive the loans in installments rather than have Mann make repayments. However, Mann would have to pay any outstanding balance on the loans if his employment with UBS ended whether voluntarily or involuntarily. When UBS terminated Mann in 2010, there was an outstanding balance on the three loans of $168,281.86. UBS instituted FINRA arbitration against Mann for this amount. Mann initiated arbitration against UBS because it did not offer him the support that someone with as many clients and assets under management as he had needed. Additionally, he claimed the work environment was abusive and a manager accosted him. FINRA combined the claims in arbitration before one panel.

Pursuant to FINRA Rule 13904, the panel issued monetary awards to UBS and Mann. *See* Resp't. Ex. C. The panel awarded UBS $217,000 for the outstanding balance of their loans

and compensatory damages. The panel awarded Mann $150,000. UBS expressed concern it would never receive payment from Mann, but still had to pay him. Pet'r Br. at 5. FINRA rules required UBS to make payment within thirty days of issuance of the award or risk suspension of their license to trade as broker-dealer. *Id*. at n. 3; see FINRA Rule 13904. UBS filed a Motion for Correction of Error pursuant to FINRA Rule 13905. According to UBS, the panel's award contained ambiguity as to payment because it did not provide for an offset. In its request with FINRA, UBS argues the award from the panel should be $67,000 in its favor, which is the difference in the amount of the two awards. The FINRA Director of Arbitration felt the request deserved substantive consideration, and referred the request to the panel. The panel declined denied the request. UBS filed the instant Motion to Confirm, or, in the Alternative, Modify the Arbitration Award with this Court on February 10, 2014, and amended that motion on February 28, 2014.

### III. Law and Analysis
#### A. Standard of Review

The Federal Arbitration Act 9 U.S.C. *et seq*. ("FAA") grants the district courts jurisdiction to consider motions to confirm or modify arbitration awards. 9 U.S.C. §§ 9 & 11 (2012). Section 9 of the FAA gives the district court the authority to hold confirmation proceedings of arbitration awards if the party seeking confirmation files the motion within a year of the award. *Id*. at § 9. The court must confirm the award unless there are grounds to modify or vacate the award. *Uhl v. Komatsu Forklift Co., Ltd*., 466 F.Supp.2d 899, 905 (E. D. Mich. 2006). The district court's authority to modify an arbitration award is in section 11 the act. Section 11 provides three grounds for modification:

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy

*Id.*; *see Grain v. Trinity Health, Mercy Health Services, Inc., et al.*, 551 F.3d 374, 378 (6th Cir. 2008). The grounds for modification are narrow because the arbitrator is entitled to great deference. *Nationwide Mutual Ins. Co. v Home Ins. Co.*, 278 F.3d 621, 625 (6th Cir. 2002); *see Latitimer-Stevens Co. v United Stellworkers*, 913 F.2d 1166, 1169 (6th Cir. 1990) (stating arbitration review is "one of the narrowest standards of judicial review in American jurisprudence.").

### B. Petitioner's Motion

Petitioner seeks confirmation of the award with a offset in its favor, or, in the alternative, a modification of the award in the form of an offset. Because the Court cannot confirm the award if there are grounds for modification, the Court will consider modification first. Petitioner argues Section 11(c) justifies an offset because it does not affect the merits of the decision, and the award is imperfect as to form without the offset.

FINRA Rule 13904(f) gives the arbitration panel the authority to offer a rationale for its award. However, it does not require the panel to provide a rationale for its award. *See* FINRA Rule 13904(f). In the Mann-UBS arbitration, the panel listed the awards and stated "[any] relief not specifically enumerated . . . is hereby denied with prejudice." *See* Resp't Ex. C.

The case law on modification under section 11(c) is sparse particularly regarding FINRA arbitration proceedings that result in offsetting awards. Recently, some district courts have

4

addressed section 11(c) modification regarding offsets. *UBS. Fin. Servs., Inc. v Riley*, 11-CV-2042, 2012 WL 1831720 (S.D. Cal. May 18, 2012) (holding section 11(c) allowed an offset because the panel had not considered one during arbitration); *see Pochat v Merrill Lynch, et al*., No. 12-22397-CIV, 2013 WL 4496548 (S.D. Fla. August 22, 2013) (granting offset of arbitration awards pursuant to section 11(c) after Director of FINRA Arbitration declined to refer the request for offset to the panel); *see also UBS Fin. Sevs. Inc. v Potenza*, No. 13-CV-00524, (M.D. Fla. Oct. 25, 2013) (holding modification striking an award pay schedule from an arbitration award did not affect the merits of the decision and avoids an unjust decision).

The commonality among these three cases is that the arbitration panels did not consider the merits of an offset. *Pochat* and *Riley* are especially instructive because they involve terminated employees of FINRA members who had loans with their employers with outstanding balances, alleged claims against their employers, and these employees also received awards. *Riley*, WL1831720 at * 1; *Pochat*, WL 4496548 at * 4. The employers both filed Motions for clarification regarding an offset pursuant to FINRA Rule 13905(a)(2). *Id*. In both cases, the FINRA Director of Arbitration did not refer requests because the rule allows corrections for clerical errors not computations. *Riley*, WL 1831720 at * 2; *Pochat*, WL 4496548 at * 4. FINRA rule 13905(b) states the Director can forward a 13905(a) request to the arbitration panel if he or she determines it complies with the rule *Id*. In *Pochat* and *Riley* the Director did not forward the requests to the panel, and the employers sought modification by offset in district court under section 11(c) of the FAA. The *Pochat* and *Riley* courts stated that decisions that required a party to whom larger amount was due to pay a party who owed it money were examples of awards that are "imperfect as to form." *Pochat,* WL 4496548 at * 19 (citing *Riley*, WL 1831720 at * 9-10).

5

Petitioner argues this Court should adopt the reasoning in *Riley* and *Pochat* because the offset would not affect the merits of the award or affect the damages awards. *Id*. The Respondent argues these cases are distinguishable. In this case, FINRA's Director of Arbitration did forward Petitioner's request to the panel, the panel considered the merits of the offset, and it denied Petitioner's request. The Respondent contends the intent of the panel was not to provide for an offset because it did not provide for it in the award, and it denied a subsequent request for a setoff. Petitioner argues that because the arbitrators' decision appears to be cursory, this Court should modify the award under section 11(c). *See* Pet'r Rep. at 3-4.

A review of the record does not support the argument that the panel's denial was cursory. The parties briefed the request for an offset, and the panel offered no opinion or rationale for its disposition of the motion. *See* Resp't Ex. D, E, & G. The panel did not have to offer an explanation because "arbitration proceedings are summary in nature to effectuate the national policy favoring arbitration." *See Pochat*, WL 4496548 at * 20; *see also Schmidt v. Finberg*, F.2d 1571, 1575 (5th Cir. 1987) (declining to recommit a case back to the arbitration panel for clarification because policy favors expeditious arbitration). The order denying Petitioners request stated it reviewed the parties' submissions. Resp't Ex. G. Respondent's submission adequately addressed this issue of the offset and addressed UBS' failure to request an offset in its initial request for relief. Resp't Ex. E.

Failure to request certain relief in the Statement of Claim or during the arbitration, results in its absence from the record, and the record in this case closed once the arbitration ended.[1] *Id.;* *See* FINRA Rule 13608. UBS could have requested to reopen the record before the panel issued an award, but did not. Resp't Ex. E.

---

[1] A Statement of Claim, in the context of FINRA Arbitration, is the equivalent of a complaint.

The record in this case indicates the panel considered the merits of an offset in this arbitration and came to a decision based on the parties' submissions in Petitioner's FINRA Rule 13905 request. The Panel had an opportunity to consider the merits of the offset in arguments contained in the parties' submissions on the request. There was no cursory review of the offset. Given the narrow scope of arbitration review and the panel's opportunity to review the merits of an offset, the Court DENIES the Petitioner's request.

## IV. Conclusion

For the reasons mentioned above, the Court CONFIRMS the arbitration award WITHOUT AN OFFSET, and DENIES the Petitioner's Amended Petition/ Motion to Amend in the Alternative [#8].

SO ORDERED.

/s/Gershwin A Drain
GERSHWIN A. DRAIN
US DISTRICT COURT JUDGE